IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| PEROT SYSTEMS CORPORATION and CLAIMS SERVICES RESOURCES GROUP, | ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation and to provide appropriate relief to Jesse Alcarez who was adversely affected by such practices. The Commission alleges that during his employment, Mr. Alcarez was sexually harassed by Defendant's Team Lead Ryan Eubanks, when he subjected Mr. Alcarez to sexually offensive comments, unwelcome touching, and unwelcome sexual requests which created a sexually hostile work environment. The Commission alleges that although Mr. Alcarez complained to his Supervisor, Eubanks, that the sexually offensive comments and touching were unwelcome, and asked Eubanks to stop the offensive conduct, Eubanks failed to stop his acts of sexual harassment.

Moreover, the Commission alleges that Defendant retaliated against Mr. Alcarez by terminating his employment after he complained of sexual harassment by Eubanks.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 704 (a), and 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a), and §2000e-5(f) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Claims Services Resource Group ("Claims Services") (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania, and the City of King of Prussia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jesse Alcarez filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions

precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2000, Defendant Employer has engaged in unlawful employment practices at its King of Prussia, Pennsylvania facility, by unlawfully subjecting Mr. Alcarez to a hostile work environment based on his sex, male, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Defendant Employer has also subjected Mr. Alcarez to retaliation for his complaints of sexual harassment in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-(a). These unlawful practices include, but are not limited to, the following:

(a) From December 2000 until February 2001 Jesse Alcarez was regularly subjected to unwelcome touching and offensive and derogatory sex-based remarks by Defendant's male Team Lead, Ryan Eubanks

(b) Eubanks created a sexually hostile work environment by frequently making sexual advances, and using sexually derogatory and offensive terms toward Mr. Alcarez. Eubanks repeatedly made sexual comments regarding himself and his body parts to Mr. Alcarez.

(c) In mid December 2000, in the presence of other co-workers, Eubanks approached Mr. Alcarez and initiated a conversation regarding his "penis" size.

(d) In or about December 15, 2000, again in the presence of a co-worker, Eubanks placed his hand on Mr. Alcarez's inner thigh and grabbed his groin. While committing this act, Eubanks commented to the co-workers that, "Mr. Alcarez got this far in life because of his penis."

(e) On or about December 21, 2000, Eubanks subjected Mr. Alcarez to an inappropriate sexual gesture by stating the he "wanted to join Mr. Alcarez at home in bed," and that

        "he enjoyed the top position," alluding to performing to a sexual act. Eubanks further commented to Mr. Alcarez that "he needed eight inches of dick to put in him."

(f) On or about January 5, 2001, Eubanks informed co-workers that he was on his way to "flirt" with Mr. Alcarez. Upon approaching Mr. Alcarez, Eubanks forcibly sat on his lap and commented on the size of Mr. Alcarez's "penis."

(g) Mr. Alcarez repeatedly rejected Eubanks sexual advances and complained to Eubanks about his sexually offensive conduct. On or about February 3, 2001, Mr. Alcarez was suddenly removed from his work assignment, and was not given any further assignments.

(h) On or about February 6, 2001, Mr. Alcarez filed an internal complaint of sexual harassment against Eubanks. Thereafter, Defendant initiated an investigation into Mr. Alcarez's complaint.

(i) Despite witness corroboration of the sexually offensive acts by Eubanks toward Mr. Alcarez, Defendant concluded that there was no sexual harassment.

(j) On or about March 2, 2001, Defendant terminated Mr. Alcarez's employment because of his internal complaint of sexual harassment against Eubanks.

8. The effect of the practices complained of in paragraph 7(a)-(j) above have been to deprive Jesse Alcarez of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex, male.

9. The effect of the practices complained of in paragraph 7(a)-(j) above have been to deprive Jesse Alcarez of equal employment opportunities and otherwise adversely affect his status

as an employee in retaliation for engaging in protected activity protected under Title.

10. The unlawful employment practices complained of in paragraph 7(a)-(j) above were intentional.

11. The unlawful employment practices complained of in paragraph 7(a)-(j) above were done with malice or with reckless indifference to the federally protected rights of Jesse Alcarez, as a male.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment based upon sex and any other employment practice which discriminates on the bases of sex and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for males and those who engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Jesse Alcarez by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Jesse Alcarez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7(a)-(j) above, including medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Jesse Alcarez by providing compensation

for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7(a)-(j) above, including emotional pain, suffering, depression, anxiety, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Jesse Alcarez punitive damages for its malicious and reckless conduct described in paragraph 7(a)-(j) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

GWENDOLYN YOUNG REAMS
Associate General Counsel


_____
JACQUELINE H. McNAIR
Regional Attorney


_____
JUDITH A. O'BOYLE
Supervisory Trial Attorney


_____
DAWN M. EDGE
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2687