IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| | : | CIVIL ACTION NO. 02-3136 |
| Plaintiff, | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| PEROT SYSTEMS CORPORATION and CLAIMS SERVICES RESOURCE GROUP | : : : | |
| Defendants. | : : | |

**ANSWER TO COMPLAINT OF DEFENDANT
CLAIMS SERVICES RESOURCE GROUP**

Defendant Claims Services Resource Group, Inc. ("CSRG")[1], by and through its attorneys, hereby answers the Complaint of Plaintiff Equal Employment Opportunity Commission ("EEOC"), in accordance with the numbered paragraphs thereof, as follows:

NATURE OF THE ACTION

CSRG is not obligated to respond to the statements contained in EEOC's self-styled "Nature of the Action" section of its Complaint. Notwithstanding, however, CSRG denies that Mr. Alcarez was sexually harassed or suffered retaliation. To the contrary, Mr. Alcarez' terms and conditions of employment were free from harassment violative of Title VII, and his employment was terminated for legitimate, non-discriminatory reasons.

---

[1] Defendant Perot Systems Corporation has filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## JURISDICTION AND VENUE

1. It is admitted that this Court appropriately exercises jurisdiction over claims brought pursuant to Title VII of the Civil Rights Act of 1964 and Section 102 of the Civil Rights Act of 1991. CSRG denies, however, that EEOC's claims under those statutes are viable.

2. It is admitted that Mr. Alcarez performed services for CSRG in the Eastern District of Pennsylvania and, as a result, venue in this District is appropriate. CSRG denies, however, that it committed any unlawful employment practices.

## PARTIES

3. Admitted.

4. Admitted.

5. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are admitted.

## STATEMENT OF CLAIMS

6. Admitted in part; denied in part. It is admitted that Mr. Alcarez filed a charge of discrimination with the EEOC more than thirty days prior to the filing of this Complaint. The remaining averments of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

7(a) – (j). The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

8. The averments of this paragraph state conclusions of law to which no response is

required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

9. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

10. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

11. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Claims Services Resource Group, Inc. respectfully requests that this Court award no relief to Plaintiff Equal Employment Opportunity Commission, dismiss this Complaint with prejudice, and award fees and costs to Defendant Claims Services Resource Group.

## AFFIRMATIVE DEFENSES OF DEFENDANT CLAIMS SERVICES RESOURCE GROUP

Defendant Claims Services Resource Group, Inc. ("CSRG") hereby sets forth the following affirmative defenses to the Complaint of Plaintiff Equal Employment Opportunity Commission ("EEOC"), brought on behalf of charging party Jesse Alcarez:

1. EEOC fails to state any claims upon which relief can be granted.

2. EEOC and Mr. Alvarez failed to exhaust necessary administrative remedies.

3. EEOC's claims are barred, in whole or in part, by applicable statutes of limitations.

4. Mr. Alcarez failed to mitigate any damages he may have suffered.

5. EEOC's Complaint fails to set forth any facts that support a sufficiently severe or pervasive hostile workplace as to constitute a hostile environment violative of Title VII.

6. At all relevant times, CSRG maintained a sexual harassment policy which forbade sexually harassing conduct and set forth a complaint mechanism for employees to use when they believe they have experienced sexual harassment.

7. Mr. Alcarez failed to avail himself of CSRG's reporting mechanism for claims of sexual harassment.

8. CSRG exercised good faith efforts to detect and deter discrimination and sexual harassment.

9. EEOC has failed to allege conduct by CSRG that was intentional, extreme and/or outrageous.

10. Mr. Alcarez was terminated for legitimate, non-discriminatory reasons.

11. Mr. Alcarez' recovery is limited by the statutory caps on compensatory and punitive damages recoverable in Title VII actions.

Respectfully submitted,

_____
Kristine Grady Derewicz
Barbara Rittinger Rigo
Littler Mendelson, P.C.
1601 Cherry Street; Suite 1400
Philadelphia, PA  19102
(267) 402-3003

Attorneys for Defendants

Dated:  July 1, 2002