IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>PEROT SYSTEMS CORPORATION and CLAIMS SERVICES RESOURCES GROUP,<br>　　　　Defendants. | Civil Action No. 02cv3163 |

**MOTION OF DEFENDANT PEROT SYSTEMS
CORPORATION TO DISMISS PLAINTIFF'S COMPLAINT**

For the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Defendant Perot Systems Corporation hereby moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss with prejudice all claims asserted by Plaintiff Equal Employment Opportunity Commission.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Kristine Grady Derewicz (No. 60548)
　　　　　　　　　　　　　　　　　　　　Barbara Rittinger Rigo (No. 76630)
　　　　　　　　　　　　　　　　　　　　Littler Mendelson
　　　　　　　　　　　　　　　　　　　　Three Parkway
　　　　　　　　　　　　　　　　　　　　1601 Cherry Street, Suite 1400
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19102
　　　　　　　　　　　　　　　　　　　　(267) 402-3003

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

Date:   July 1, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>           Plaintiffs,<br><br>           v.<br><br>PEROT SYSTEMS CORPORATION and<br>CLAIMS SERVICES RESOURCES<br>GROUP,<br>           Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:    Civil Action No. 02cv3163<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>ORDER</u>**

     AND NOW, this _____ day of _____ 2002, upon consideration of the Motion to Dismiss of Defendant Perot Systems Corporation, it is hereby ORDERED that said Motion is GRANTED. All claims against Perot Systems Corporation are hereby DISMISSED WITH PREJUDICE.

                                      BY THE COURT:

                                      _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>PEROT SYSTEMS CORPORATION and CLAIMS SERVICES RESOURCES GROUP,<br>　　　　Defendants. | Civil Action No. 02013163 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT PEROT SYSTEMS CORPORATION TO DISMISS PLAINTIFFS COMPLAINT**

Defendant Perot Systems Corporation ("Perot Systems"), by and through their undersigned counsel, submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Equal Employment Opportunity Commission's ("EEOC") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

I.　　**PRELIMINARY STATEMENT**

Plaintiff EEOC filed the instant Complaint on behalf of Jesse Alcaraz on or about June 6, 2002.  The Complaint alleges sexual discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  On behalf of Complaining Party Jesse Alcaraz, EEOC alleges that Mr. Alcaraz's supervisor, Ryan Eubanks, an employee of co-defendant Claims Services Resources Group ("CSRG"), subjected him to sexually offensive comments, unwelcome touching, and unwelcome sexual requests, thereby creating a hostile work environment.  EEOC further alleges that CSRG retaliated against Mr. Alcaraz by terminating his employment after he complained about the harassment.

Perot Systems is named as a defendant in the caption of the Complaint; however, there is

no reference to Perot Systems anywhere in the body of the Complaint, including the section presumably included to identify the parties to the action. Thus, Perot Systems moves to dismiss Plaintiff's Complaint on the ground that it fails to state a claim upon which relief can be granted.

II.   **ARGUMENT**

A.   **Legal Standard**

A motion to dismiss requires the court to review the pleadings to determine if the pleadings state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the plaintiff's allegations are construed liberally, and all facts alleged are assumed to be true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint will not be dismissed unless it appears beyond a doubt that the plaintiff can "prove no set of facts in support of his claim which would entitle him to relief." Id.

A motion to dismiss should be granted where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff. Weston v. Warden Gaston, No. 93 Civ. 0767, 1995 U.S. Dist. LEXIS 9086 *10, (S.D.N.Y. March 31, 1995) (quoting Morabito v. Blum, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)). See also, Kadar Corp. v. Milbury, 549 F.2d 230 (1st Cir. 1977) (motion to dismiss proper where plaintiff alleges conspiracy as to all defendants, but complaint contains no specific allegations, nor can the probable nature of defendants actions be gleaned from the nature of the conspiracy). As a practical matter, a Rule 12(b)(6) dismissal is "likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

In the instant case, dismissal of EEOC's Complaint as to Perot Systems is appropriate because EEOC has not alleged any fact that entitle it to relief.

B. **A Complaint Must Contain Factual Allegations Against A Named Defendant**

A lack of any factual allegations against a named defendant qualifies as an insuperable bar to recovery by plaintiff. Dahl v. Kanawha Inv. Holding, 161 F.R.D. 673 (N.D. Iowa 1995). The mere mention of a defendant in the caption, without substantive allegations in the body of the complaint, is insufficient and renders the action frivolous as to that defendant. Thorne v. Micklow, No. 2:99 cv 130, 1999 U.S. Dist. LEXIS 17109 (W.D.N.Y. October 22, 1999). See also, Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1994). In Dahl, the *pro se* plaintiffs failed to include in the body of their complaint any allegations against eighteen of the defendants named in the caption. The court held that the lack any factual allegations against those defendants created an insuperable bar to recovery entitling them to dismissal of the complaint. Dahl at 682.

In the instant case, the EEOC has completely failed to allege any set of facts relating Perot Systems to Mr. Alcaraz or the events complained of. No amount of liberal construction or assumptions of truth can attach Perot Systems to the factual allegations as laid out by the EEOC. Therefore, the Complaint is insufficient and should be dismissed as to Perot Systems.

C. **General References Will Not Defeat A Motion To Dismiss**

Even general references to a named defendant will not be enough to defeat a Motion to Dismiss. In Weston v. Warden Gaston, 1995 U.S. Dist. LEXIS at *10, the plaintiff named four defendants in the caption of his complaint. All defendants were nurses or correction officers who the plaintiff claimed had denied him medical treatment. The Complaint referred to only one defendant by name, thereafter referring to the others only as "the nurses" and "other correction officers." The court found that dismissal would be proper as to the three defendants specifically named in the caption, but not specifically named in the body. Id.

Here, the EEOC doesn't just fail to mention Perot Systems by name in the body of the

Complaint; it fails to mention Perot Systems in any manner whatsoever, specifically or generally. In paragraphs four and five of the Complaint, the EEOC defines CSRG as the "Defendant Employer," making no mention of Perot Systems. The balance of the Complaint refers only to the "Defendant Employer." The EEOC's Complaint is devoid of any allegations that would put Perot Systems on notice of the wrongdoing suggested by its inclusion as a defendant in the caption. Thus, dismissal of Perot Systems as a defendant in this action is proper and should be granted.

III. **CONCLUSION**

For the foregoing reasons, Defendant Perot Systems respectfully submit that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

LITTLER MENDELSON

Dated: July 1, 2002

By:_____
Kristine Grady Derewicz (PA 60548)
Barbara Rittinger Rigo (PA 76630)
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
(267) 402-3003

Attorneys for Defendants
Perot Systems Corporation and Claims services Resources Group