IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 02-CV-3163 |
| PEROT SYSTEMS CORPORATION and CLAIMS SERVICES RESOURCES GROUP, | ) ) ) ) | Honorable Jan E. DuBois |
| Defendant. | ) ) ) | |

**PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT
PEROT SYSTEMS CORPORATION'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Respectfully submitted,

Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Supervisory Trial Attorney

Dawn M. Edge
Trial Attorney
EEOC
21 S. 5th Street
Philadelphia, PA 19106
(215) 440-2687

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 02-CV-3163 |
| PEROT SYSTEMS CORPORATION and CLAIMS SERVICES RESOURCES GROUP, | ) ) ) ) ) | Honorable Jan E. DuBois |
| Defendant. | ) ) ) | |

**PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT PEROT SYSTEMS CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.     PREFATORY STATEMENT**

Plaintiff, the Equal Employment Opportunity Commission ("EEOC") respectfully submits this Memorandum of Law in Opposition to Defendant Perot Systems Corporation's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated herein, Defendant Perot Systems Corporation's Motion to Dismiss must be denied.

**II.     STATEMENT OF FACTS**

The Commission brought this action this under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation and to provide appropriate relief to Jesse Alcarez,  who was adversely affected by such practices.  The Commission alleges that during his employment, Mr. Alcarez was sexually harassed by Defendant's Team Lead Ryan Eubanks, when he subjected Mr. Alcarez to sexually

offensive comments, unwelcome touching, and unwelcome sexual requests which created a sexually hostile work environment. The Commission alleges that although Mr. Alcarez complained to his Supervisor, Eubanks, that the sexually offensive comments and touching were unwelcome, and asked Eubanks to stop the offensive conduct, Eubanks failed to stop his acts of sexual harassment. Moreover, the Commission alleges that Defendant retaliated against Mr. Alcarez by terminating his employment after he complained of sexual harassment by Eubanks.

## III.   LEGAL ARGUMENT

### A.   Standard of Review

A court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for relief "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In evaluating whether dismissal is proper, a court must accept all the "factual allegations of the complaint . . . as true," and must draw all "reasonable inferences . . . to aid the pleader." Pryor v. NCAA 288 F.3d 548, 559 (3d Cir. 2002) (quoting D.P. Enter. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir.1984)).

For the purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be viewed in the light most favorable to the plaintiff and the motion may be granted only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. Hishon v. King & Spaulding, 467 U.S. 69, 104 S. Ct. 2229, 2233, 81 L. Ed. 2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Jenkins v. McKeithen, 395 U.S. 411, 421, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1968); *2A Moore's Federal Practice*, para. 12.08 (2d ed. 1982).

For a complaint to survive a Rule 12 (b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. See Fed. R.Civ. P. 8 (a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) test not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. See Fed. R. Civ. P. 12(b)(6); Scheuer v. Rhodes, 416 U.S.232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). In deciding a motion to dismiss, the court can only examine the four corners of the complaint. See Rickman v. Precisionaire, Inc., 902 F.Supp. 232, 233 (M.D. Fla. 1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

Pursuant to Federal Rule of Civil Procedure 8(a), the Commission is required to provided Defendant Perot Systems with only a short and plain statement of the claim and its entitled relief. Fed. R.Civ.P. 8(a). In the instant case, Plaintiff has complied with the "notice pleading" of the Rules. As long as Plaintiff gives Defendant Perot Systems Corporation fair notice of the claims against it and the grounds upon which they rest, the Plaintiff's complaint should not be dismissed for failure to state a claim. See Conley v. Gibson 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

**B     Defendant Perot Systems Has Fair Notice of the Claims and Basis of the Lawsuit, and is not Prejudiced By Any Inadvertent Failure to Name it as Defendant in the Body of the Complaint.**

The complaint in the present case gives Defendant Perot Systems fair notice of the claims against it and the grounds upon which they rest. Defendant Perot Systems argues that Plaintiff failed to allege any set of facts relating specifically to Perot Systems because its name appears only in the caption of the complaint and not in the body of the complaint. Perot Systems is attempting

to dodge its involvement in this matter by alleging that this case should be dismissed because it is not specifically identified by name in the complaint.

Plaintiff EEOC contends that from the reading of the complaint, Defendant Perot Systems has fair notice of the claims against it and the basis for the suit.  On or about January 2, 2002, Defendant Perot Systems Corporation acquired Defendant Claim Services Resource Group, Inc. through a 100% purchase of Claim Services Resource Group's common stock. (See Exhibit 1- Acquisition Article).  In naming both Perot Systems and Claims Services Resources Group as Defendants in the present case, there is no doubt that Plaintiff EEOC's complaint adequately set forth a proper claim and gives Defendant Perot Systems fair notice of its basis.

The Eastern District of Pennsylvania has held that the lack of specific factual references to a Defendant or his activities in a complaint is not fatal.  See Stevenson v. Consumer Protection Services 49 B.R. 914 (Bankr. ED Pa. 1985).  In Stevenson, the defendant was identified only by a list which provided the parties' names and addresses.  The complaint failed to specifically refer to the defendant or to any specific allegations or factual references involving defendant.  The court in Stevenson held that the lack of specific factual references to defendant or his activities is not fatal to the complaint.  While relying on Conley v. Gibson 355 U.S. 4, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957), the court in Stevenson reasoned that as long as the complaint gives defendant fair notice of the claims against him and the ground upon which they rest, the complaint should not be dismissed for failure to state a claim.  Stevenson 49 B.R. 914, 916.  The Eastern District in Stevenson, dismissed defendant's motion for failure to state a claim upon which relief can be granted, and granted plaintiff leave to amend its complaint.

Like in Stevenson, the complaint in the present case should not be dismissed.  The lack of specific reference to Defendant Perot Services in the body of the complaint is not fatal and can be

remedied by the court's permission granting Plaintiff leave to amend the complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to enter an Order denying Defendant Perot Systems' Motion to Dismiss, and in the alternative, grant an Order allowing Plaintiff leave to amend its complaint. The Commission will file a Motion for Leave to Amend the Complaint should the Court deem the Commission's complaint to be deficient.

Respectfully submitted,

Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Supervisory Trial Attorney

_____
Dawn M. Edge
Trial Attorney
EEOC
21 S. 5th Street
Philadelphia, PA 19106
(215) 440-2687