**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | : | **CIVIL ACTION** |
| **OPPORTUNITY COMMISSION** | : | |
| | : | **NO.  02-3163** |
| **vs.** | : | |
| | : | |
| **PEROT SYSTEMS CORPORATION** | : | |
| **and CLAIMS SERVICES RESOURCES** | : | |
| **GROUP** | : | |

**O R D E R**

**AND NOW**, this 23rd day of July, 2002, following a Preliminary Pretrial Conference on said date, the parties, through counsel, having reported that they are interested in discussing the question of settlement after completing some discovery, **IT IS ORDERED** that plaintiff shall provide defendants with a demand on or before August 26, 2002, and that on or before October 4, 2002, counsel shall jointly report to the Court in writing (letter to Chambers, Room 12613) with respect to whether the case is settled.  In the event the case is not settled on or before October 4, 2002, counsel shall include in their joint written report a statement as to whether they believe a settlement conference before a magistrate judge might be of assistance in resolving the case and, if so, by what date they will be prepared for such a conference.

**IT IS FURTHER ORDERED** that the case shall proceed on the following schedule:

1.  All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by November 29, 2002;

2.  All trial exhibits shall be marked and exchanged on or before December 6, 2002;

3.  The parties reported that they did not plan to call any expert witnesses on liability.

On or before August 26, 2002, plaintiff shall identify and submit curriculum vitae for all

expert witnesses on injuries and other damages.  On or before September 20, 2002, plaintiff shall serve defendants with reports and/or responses to expert witness discovery for all such expert witnesses.

On or before October 4, 2002, defendants shall identify and submit curriculum vitae for all expert witnesses on injuries and other damages.  On or before November 8, 2002, defendants shall serve plaintiff with reports and/or responses to expert witness discovery for all such expert witnesses;

4.  Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on damages, serve opposing parties with details and/or documents covering  the lay opinions of the Rule 701 witnesses;

5.  Any discovery depositions of expert witnesses may be taken between November 15, 2002, and November 29, 2002;

6.  Any motions for summary judgment shall be filed and served on or before December 12, 2002.  Responses to any motions for summary judgment shall be filed and served within the time provided under the Local Civil Rules of this Court.  Two copies of any motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed;

7.  All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

A.  Plaintiff - on or before February 14, 2003.

B.  Defendants - on or before February 21, 2003.

2

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

8.   The case will be placed on the Court's trial list on February 28, 2003;[1]

9.   Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered; (C) the adequacy of the qualifications of an expert witness expected to testify; or, (D) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum.  Each objection shall describe with particularity the ground and the authority for the objection;

10.   If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel prior to trial for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

11.   Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the

---

[1]The case will be tried to a jury.  The estimated trial time is four (4) to five (5) days.

margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

12. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list. The original shall be filed with the Clerk of the Court;

13. At least three (3) days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 126l3) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with pinpoint citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine; and, (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, or Sand, Modern Federal Jury Instructions is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction the modification shall be set forth in the following manner: additions shall be underlined and deletions shall be placed in brackets;

14. At least three (3) days before the case appears on the trial list, the parties shall submit to the Court (Chambers, Room 12613) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's cause(s) of action and the essential elements of each cause of action; and,

(c) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u>.  The statement of the case shall not exceed three (3) pages in length; and,

15.  At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**


_____
**JAN E. DUBOIS, J.**